*Counsel for Plaintiff:*
Lawrence A. Fuller, Esq.
FULLER, FULLER & ASSOCIATES, P.A.
Counsel for Plaintiff
12000 Biscayne Boulevard, Suite 502
North Miami, FL 33181
(305) 891-5199
lfuller@fullerfuller.com
and
M. J. Stephen Fox, Esq. (P32456)
FOX & ASSOCIATES
2536 Red Clover Drive SE
Ada, MI  49301
(616) 676-4300
foxlawfirm@aol.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| MARK FULTZ, Individually, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Case No. |
| | : | |
| HIT PORTFOLIO I OWNER, LLC, | : | |
| a Delaware Limited Liability Company, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## **COMPLAINT**
### (Injunctive Relief Demanded)

Plaintiff, MARK FULTZ, Individually, on his behalf and on behalf of all

other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby

sues the Defendant, HIT PORTFOLIO I OWNER, LLC, a Delaware Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.    Plaintiff, Mark Fultz, is an individual residing in Margate, FL, in the County of Broward.

2.    Defendant's property, The Hampton Inn, is located at 20600 Haggerty Street, Northville, MI  48167, in Wayne County.

3.    Venue is properly located in the Eastern District of Michigan because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

4.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

5.    Plaintiff Mark Fultz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Mr. Fultz suffered a stroke which resulted in paralysis, rendering the right side of his body immobile.  He ambulates by means of a manual wheelchair and occasionally is able to walk short distances with the aid of a cane.

2

6.     Mr. Fultz was raised in Michigan and has relatives, including many cousins, his son, daughter, and grandchildren, in areas of suburban Detroit.   His son lives and works in Ann Arbor.  His daughter lives in a suburb located between Ann Arbor and Detroit.

7.     Mark Fultz has visited the property which forms the basis of this lawsuit from October 3 through October 4, 2019, and has reservations to return to the property on August 26 through August 27, 2020, to take his mother on her annual trip to visit with her great-grandchildren and to watch them play hockey, and to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered his safety.

8.     Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.   The place of public accommodation that the Defendant owns, operates, leases or leases to is known as The Hampton Inn, and is located at 20600 Haggerty Street, Northville, MI  48167.

9.     Mark Fultz has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in

paragraph 11 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Mark Fultz desires to visit The Hampton Inn, not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10.    The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of The Hampton Inn has shown that violations exist. These violations, which were encountered or observed by Plaintiff, and which were verified by an ADA expert, include but are not limited to:

### Inadequate Number of Accessible Guestrooms

a.    The Hotel does not provide the required amount of compliant accessible guest rooms and the accessible rooms are not dispersed among

the various classes of accommodations, in violation of section 224.2 of the Standards.

This is a 124-room hotel.  Pursuant to section 224 of the ADA Standards for Accessible Design, this facility must have a minimum of seven (7) guest rooms with mobility features to include at least two (2) guest rooms with roll-in showers.  Additionally, this facility must have a minimum of twelve (12) guest rooms with communication features.  They do not comply.

### Website

b.    The website has ADA Title III, section 302e violations. Section 36.302(e)(1) requires a public accommodation that owns, leases (or leases to), or operates a place of lodging to:

> *Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations, including reservations made by telephone, in-person, or through a third party, for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms. 73 FR 34508, 34553 (June 17, 2008).*

The ADA recognizes that a reservations system is not intended to be an accessibility survey. However, specific information concerning accessibility features is required for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices).

The website does in fact list accessible elements, but they are misleading, and in many cases, untruthful.

### Parking

c.    The three ADA designated parking spaces closest to the front door of the facility are at an angle that exceeds ADA limits, in violation of the ADA at section 502 by being on an incline exceeding 2%.  This condition prevented Plaintiff from safely entering and exiting his vehicle.

**Exterior**

d.      There is no designated passenger loading zone as called for at section 209, 503 of the Standards.  This condition prevented Plaintiff from safely entering and exiting his vehicle.

e.      The side entrance to the hotel, is also the route to the pool area, has no accessible route for ingress and egress.  This condition made it impossible for Plaintiff to use the side entrance and to enjoy the use of the pool.

**Path of Travel**

f.      There is no clear, unobstructed 36" path of travel throughout the facility, as called for at 206, 402 of the Standards.  This condition made it difficult for Plaintiff to ambulate.

**Breakfast Area**

g.      There is no designated accessible seating in the breakfast area, as called for at 226, 902 of the Standards.  This condition prevented Plaintiff from comfortably and safely enjoying a meal.

**Business Center**

h.      The computer is mounted above the maximum height called for in the ADA, in violation of section 308 of the Standards.  This condition prevented Plaintiff and other wheelchair users from using the computer.

**Guestroom #122**

i.      The required 18" of latch side clearance to exit the room is lacking, in violation of section 404 of the Standards.

j.      The roll-in shower was not ADA compliant, in violation of sections 224, 608, 806 of the Standards.  The water controls were on the side wall, not on the required back wall, rendering it impossible to reach them from the fixed shower seat.  The roll-in shower had a 1-1/2 inch lip, making wheelchair access difficult and dangerous.

k.      There was no clear 36" path of travel throughout the room, in violation of sections 206, 402, 806 of the Standards.

l.      The dresser, nightstand and closet required tight grasping, pinching, and twisting of the wrists to open, in violation of section 309.4 of the Standards.

m.      The lights in the room required tight grasping, pinching, and twisting of the wrists to operate, in violation of the same Standards.

n.      The controls to open and close the window shades required tight grasping, pinching, and twisting of the wrists to operate in violation of the same Standards.

o.      There were items mounted in the room outside the reach ranges allowed by the ADA at section 308 of the Standards.

These conditions made it difficult for Plaintiff to safely use the guestroom and restroom without assistance.

**Maintenance**

p.      The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

12.     All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice

13.     The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to

access.  The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14.    Defendant has discriminated against the individual and corporate Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by

failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15.     Plaintiff is without adequate remedy at law and is suffering irreparable harm.  Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

16.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

17.    Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

18.    Plaintiff is without adequate remedy at law and is suffering irreparable harm.  Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 .

19.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter The Hampton Inn to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.  The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

**WHEREFORE,** Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

Dated: January 16, 2020

*/s/ M. J. Stephen Fox*
M. J. Stephen Fox, Esq. (P32456)
FOX & ASSOCIATES
2536 Red Clover Drive SE
Ada, MI 49301
(616) 676-4300
foxlawfirm@aol.com
and
Lawrence A. Fuller, Esq.
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com

*Attorneys for Plaintiff*